# Exhibit B

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1

19-01435-jlg   Doc 5-3   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit B -
Summons and Complaint.   Pg 2 of 19

INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ x
                                                             :
Z & J LLC d/b/a APPEALTECH                                   :
                                                             :   Index No.
                                Plaintiff,                   :
                                                             :
              -against-                                      :   **SUMMONS**
                                                             :
LAURENCE MYNES and COUNSEL PRESS, INC.,                      :
                                                             :
                                Defendants.                  :
                                                             :
------------------------------------------------------------ x

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

    The plaintiff designates New York County as the place of trial pursuant to CPLR § 501, and based on the residence of the plaintiff and location of the facts underlying the verified complaint.

Dated: New York, New York
       February 7, 2018

                                     MICHELMAN & ROBINSON, LLP

                                     By: /s/ Christopher A. D'Angelo
                                           Christopher A. D'Angelo
                                           Kathryn T. Lundy
                                           Janeen R. Hall
                                 800 Third Avenue, 24th Floor
                                 New York, New York 10022
                                 (212) 730-7700

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
19-01435-jig   Doc 5-3   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit B -
Summons and Complaint.   Pg 3 of 19
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

Defendants' Addresses:

Laurence Mynes
21 Stall Lane
Lodi, New Jersey 07644

Counsel Press Inc.
Corporate Service Company (via the New York Secretary of State)
80 State Street
Albany, New York 12207-2543

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018
19-01435-jlg   Doc 5-3   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit B -
Summons and Complaint.   Pg 4 of 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ x

Z & J LLC d/b/a APPEALTECH

                  Plaintiff,

-against-

LAURENCE MYNES and COUNSEL PRESS, INC.,

                  Defendants.

------------------------------------------------------------ x

Index No.

**VERIFIED COMPLAINT**

Plaintiff Z&J LLC d/b/a AppealTech ("Plaintiff" or "AppealTech"), by its attorneys Michelman & Robinson, LLP, complaining of the Defendants Counsel Press Inc. ("Counsel Press") and Laurence Mynes ("Mynes") (collectively, "Defendants"), states as follows upon knowledge as to itself and its conduct, and upon information and belief as to all other matters:

### NATURE OF THE ACTION

1. This complaint arises from Defendants' malicious attempts to destroy Plaintiff as a reputable competitor in the appellate service provider and printer industry.

2. Despite entering into an Employment Agreement with AppealTech and acknowledging that he would not compete with AppealTech's business in a way that is harmful to its client relationships and sensitive business information, Mynes deliberately breached his Employment Agreement in order to work for Counsel Press, a direct appellate service provider competitor in AppealTech's key markets.

3. Mynes transferred confidential information and client lists for his use at Counsel Press in a position with the same title as that he held at AppealTech – Senior Appellate Consultant.

3

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018
19-01435-jlg   Doc 5-3   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit B -
Summons and Complaint.   Pg 5 of 19

4. Mynes' departure from AppealTech followed that of several employees poached by Counsel Press in an effort to combat their own business decline and steal AppealTech's talent and confidential and proprietary business information. As a result of Defendants' conduct, AppealTech has suffered substantial harm.

## THE PARTIES

5. At all times mentioned herein, Plaintiff Z&J LLC d/b/a AppealTech was and still is a Delaware limited liability company authorized to do business in the State of New York, with a principal place of business at 7 West 36th Street, 10th Floor, New York, New York.

6. At all times mentioned herein, Defendant Counsel Press, Inc. was and still is a Delaware corporation headquartered in New York City, with a principal place of business at 460 West 34th Street, New York, New York.

7. At all times mentioned herein, Defendant Laurence Mynes was and still is an individual whose employment at both AppealTech and Counsel Press is at issue in this action, and who resides at 21 Stall Lane, Lodi, New Jersey 07644.

## JURISDICTION AND VENUE

8. Jurisdiction is proper over Defendant Counsel Press based on its principal place of business in New York County.

9. Venue is proper over Defendant Counsel Press based on its principal place of business in New York County, and based on the residence of Plaintiff.

10. Jurisdiction is proper over Defendant Mynes because he regularly transacts business in New York State.

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018
19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 6 of 19

11. Pursuant to paragraph 14 of the Employment Agreement, Defendant Mynes consents to the exclusive jurisdiction of the state or federal courts located in New York County for all purposes.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff is a comprehensive appellate services provider that has been in operation for approximately twenty (20) years.

13. Plaintiff maintains offices in New York City, Rochester, New York and Los Angeles, California.

14. Plaintiff also services surrounding areas, including New Jersey.

15. Plaintiff is retained by attorneys and law firms during the appellate process to guide them through appellate court procedures in various jurisdictions for both state and federal appellate courts.

16. Plaintiff's employees advise clients on the technical and procedural aspects of appellate practice, including court rules specific to each appellate jurisdiction.

17. The relationships that AppealTech establishes with attorneys and law firms is critical to AppealTech's success. AppealTech relies on client referrals to establish its goodwill and build its reputation as an appellate services provider. Without client relationships, AppealTech would struggle to promote its services in various jurisdictions.

18. Thus, AppealTech needs to maintain its client relationships without malicious interference from competitors to survive.

19. Counsel Press is also an appellate services provider.

20. Like AppealTech, Counsel Press focuses on the preparation of appellate documents, printing services and electronic filing services.

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 7 of 19

21. Like AppealTech, Counsel Press also advises law firms and attorneys on procedural court rules by jurisdiction.

22. In or about January 2006, Plaintiff hired Mynes to serve as a Senior Appellate Consultant.

23. Prior to working in the appellate services industry, Mynes worked in the marketing and advertising industry, focusing on general sales promotion and event marketing for various advertising and marketing consultant companies for approximately twenty-five (25) years.

24. Upon information and belief, Mynes had no legal background prior to his employment with AppealTech.

25. Upon information and belief, Mynes did not maintain any client or customer relationships relating to the appellate services industry.

26. AppealTech trained and educated Mynes over the course of twelve (12) years, developing and maintaining goodwill with AppealTech's clients in the process.

27. As a Senior Appellate Consultant, Mynes assisted Plaintiff's clients in perfecting thousands of appeals in state and federal appellate courts nationwide.

28. Mynes specialized in New York State Appellate Divisions, the New York State Court of Appeals and the Second Circuit Court of Appeals.

29. Upon information and belief, Mynes learned the appellate services industry solely from his employment with AppealTech, and through the resources and training provided to him by AppealTech.

30. As a result of AppealTech's investment into Mynes' growth as a consultant, Mynes sales increased from 2011 through 2017 as he developed client relationships and acquired knowledge of appellate procedure.

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 8 of 19
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

**Counsel Press Solicits AppealTech Employees**

31. On or about March 31, 2015, Gladstone Investment Corporation ("Gladstone") announced its acquisition of Counsel Press by investing an aggregate of $32.5 million in a combination of equity and debt into the company.

32. Upon information and belief, due to the financial stress caused by the high acquisition cost, Counsel Press sought to increase its overall sales and performance following Gladstone's acquisition.

33. To reach this goal, in or around the Summer of 2016, Counsel Press initiated a directed and concerted effort to poach AppealTech employees and obtain AppealTech's confidential and proprietary information to undermine its operation and standing in the industry.

34. Upon information and belief, Counsel Press embarked on this course of conduct with the goal of removing AppealTech as a competitor.

35. In other words, Counsel Press intended to put AppealTech out of business.

36. Thus, on or before August 4, 2016, Jonathan Wallach ("Walch") a Senior Appellate Consultant for AppealTech, accepted an offer of employment from Counsel Press.

37. Upon information and belief, that same day, Wallach sent Counsel Press a file detailing AppealTech's confidential client information.

38. Shortly thereafter, Counsel Press hired two other senior appellate consultants employed by AppealTech. Upon information and belief, Counsel Press also attempted to poach five of AppealTech's nine paralegals, and four of the six employees at AppealTech's production shop. In or about the August/September 2016 timeframe, Counsel Press was successful in hiring seven (7) AppealTech employees, including 3 Senior Appellate Consultants, leaving Mynes as the only remaining consultant.

7

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1

INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 9 of 19

39. Upon information and belief, a principal of Counsel Press stated that Counsel Press intended to put AppealTech out of business by hiring AppealTech employees shortly after it hired the above-referenced individuals.

40. Given the departure of the three Senior Appellate Consultants, AppealTech immediately approached Mynes, among other key AppealTech employees, to negotiate significantly increased compensation in exchange for written promises from Mynes and the other employees to protect and preserve AppealTech's confidential and proprietary information, ensuring that it would not fall into the hands of the competition.

41. Despite these efforts, the anti-competitive practices of Counsel Press were having their desired goal. AppealTech's revenue declined substantially in 2017.

**Mynes' Employment Agreement**

42. On or about November 16, 2016, Mynes signed an Employment Agreement, which contained a restrictive "non-competition" covenant and a confidentiality clause.

43. Paragraph 10 of the Employment Agreement provides, in relevant part, as follows:

> 10. **Confidential Information.** You agree not to, directly or indirectly, disclose or use any of the Company's Confidential Information (defined below) during or after your employment, except to the extent necessary to perform your job duties .... Notwithstanding the foregoing, you agree to notify any prospective or actual future employer of Sections 10-13 of this Agreement only.

44. Paragraph 12 of the Employment Agreement provides, in relevant part, as follows:

> 12. **Non-Competition.** You agree that during your employment and for a period of six (6) months after your employment terminates ("**Restricted Period**") for any reason, you will not, except as necessary to perform your job duties for the Company, directly or indirectly, on your own behalf or on behalf of any individual or entity, as an employee, owner, joint venturer, consultant, contractor, volunteer, or otherwise: (a) provide services for any individual, entity, or other third party that is engaged or seeks to engage in the

8

same or similar business as that of the Company in any geographic area in which the Company does or is actively seeking to do business; (b) solicit or accept the business of any Client (defined below), to the extent such business involves services that are the same or similar to those that the Company provides or has provided within six (6) months prior to the termination of your employment; (c) interfere with the Company's relationship with any Client or induce or attempt to induce any Client to change the nature, terms, or amount of business it conducts with the Company; or (d) solicit, hire, or attempt to solicit or hire, any individual who is an employee, consultant, or contractor of the company or who was an employee, consultant, or contractor of the Company at any time during the six (6) months preceding the termination of this Agreement …. You acknowledge and agree that each restriction contained in this Section is necessary to protect the Confidential Information, goodwill, relationships, and other legitimate business interests of the Company and is reasonable in scope, duration, and geography.

45. Paragraph 15 of the Employment Agreement provides, in relevant part, as follows:

15. **Injunctive Relief.** You acknowledge and agree that if you breach, or attempt or threaten to breach, any part of Sections 10-13, the Company shall be entitled, in addition to any other right or remedy it may have, to an order enjoining or restraining you from any breach, or attempted or threatened breach, without having to post a bond or other security or prove damages and you hereby consent to the issuance of such an order …. If you violate any of the provisions of Section 12 … the duration of the covenants shall be extended for the period of time when the violation began until you permanently cease such violation. Nothing set forth in this Section shall prevent the Company from seeking money damages or other relief instead of or in addition to injunctive relief.

46. In consideration of the restrictive "non-competition" covenant, AppealTech offered Mynes a significant increase in compensation by directing certain house accounts to him, thereby increasing his overall sales and his percent on commission.

47. Mynes accepted the offer, increasing his compensation by more than thirty percent (30%), and his sales almost doubled as a result of the foregoing.

9

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1

19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 11 of 19

INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

### Mynes' Breach of the Employment Agreement

48. Upon information and belief, in or about June 2017, Mynes began to communicate with Counsel Press and provide it with AppealTech's client and business information.

49. Mynes began emailing AppealTech's confidential information to his personal email address including, but not limited to: AppealTech's 2017 sales budget, AppealTech checklists for document preparation, details regarding client accounts assigned to Mynes, a PowerPoint prepared by AppealTech on how to perfect appeals, a July 13, 2017 CLE prepared by AppealTech employees, client lists, upcoming filing deadlines for such clients, invoices, outstanding account receivables and other related confidential information and/or goodwill.

50. Upon information and belief, between September 2017 and December 2017, Mynes engaged in conversations with Counsel Press's head of sales.

51. Upon information and belief, from June 2017 through January 2018, Mynes retained AppealTech's client information and other confidential and proprietary information.

52. Upon information and belief, during the relevant period of time herein, Mynes uploaded confidential and client information from his company-issued cell phone to his personal cloud account.

53. On January 17, 2018, Mynes abruptly announced his resignation from AppealTech.

54. Mynes refused to disclose where he would be employed or whether he had found other employment.

55. On or about January 19, 2018, AppealTech sent Mynes a demand letter to comply with the restrictive "non-competition" covenant and confidentiality provision contained within the Employment Agreement. Mynes never responded.

10

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint    Pg 12 of 19
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

56. On or about January 29, 2018, AppealTech sent Counsel Press a cease and desist letter concerning its deliberate effort to poach AppealTech's employees.

57. Shortly thereafter, Counsel Press announced that Mynes had joined the company, effective January 29, 2018, in Counsel Press's New York City office. Counsel Press immediately listed Mynes on the website as a Senior Appellate Consultant, which was the same title that he held at AppealTech.

58. On February 2, 2018, Counsel Press, through its counsel, responded to the January 29, 2018 correspondence refusing to remove Mynes from the website and maintaining that he is an employee of Counsel Press.

59. Upon information and belief, Defendants have utilized AppealTech's confidential and client information obtained by Mynes to further Counsel Press's business interests.

60. As a result of Defendants' conduct, AppealTech has been severely damaged. In particular, AppealTech has suffered dramatically decreased profits, and is currently operating at a loss.

**AS AND FOR THE FIRST CAUSE OF ACTION**
**(Breach of Contract Against Mynes)**

61. Plaintiff repeats and realleges paragraphs 1-60 of this Complaint as if fully restated herein.

62. Defendant Mynes breached his Employment Agreement by, among other things, removing Plaintiff's confidential and proprietary business information and client information, to disclose and or use the same in connection with his employment with Defendant Counsel Press in direct violation of the Employment Agreement.

11

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 13 of 19

63. Defendant Mynes also breached his Employment Agreement by providing services for Counsel Press less than six months after his resignation from AppealTech in direct violation of the restrictive "non-competition" covenant.

64. Defendant Mynes' breach has harmed Plaintiff.

65. As a result of the foregoing, Defendant Mynes is liable for damages in an amount to be determined at trial, but in any event not less than $100,000, plus interest.

66. Pursuant to the Employment Agreement, Plaintiff is entitled to recover all reasonable attorneys' fees and costs with respect to any dispute arising thereunder.

### AS AND FOR THE SECOND CAUSE OF ACTION
**(Breach of the Duty of Loyalty Against Mynes)**

67. Plaintiff repeats and realleges paragraphs 1-66 of this Complaint is if fully restated herein.

68. Defendant Mynes owed a duty of loyalty as an employee of Plaintiff.

69. Pursuant to the Employment Agreement, Plaintiff agreed to protect AppealTech's "confidential information" as defined in the Employment Agreement.

70. Defendant Mynes breached that duty by acting to advance his personal interests, and the interests of Counsel Press at the expense of Plaintiff's interests.

71. Specifically, Defendant Mynes intentionally and knowingly appropriated Plaintiff's proprietary and confidential information, and client information, in an effort to undermine AppealTech's sales and hurt AppealTech as Counsel Press's competitor.

72. Defendant Mynes' breach has harmed Plaintiff.

73. As a result of the foregoing, Defendant Mynes is liable for damages in an amount to be determined at trial, but in any event not less than $100,000, plus interest.

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint    Pg 14 of 19

74. Pursuant to the Employment Agreement, Plaintiff is entitled to recover all reasonable attorneys' fees and costs with respect to any dispute arising thereunder.

### AS AND FOR THE THIRD CAUSE OF ACTION
**(Tortious Interference with Contract Against Counsel Press)**

75. Plaintiff repeats and realleges paragraphs 1-74 of this Complaint as if fully restated herein.

76. A valid Employment Agreement existed between Plaintiff and Defendant Mynes.

77. The same or similar Employment Agreements existed between Plaintiff and other former AppealTech employees who began working for Defendant Counsel Press in violation of those agreements.

78. Defendant Counsel Press knew, or had constructive knowledge of, the Employment Agreement between Plaintiff and Defendant Mynes.

79. Nevertheless, Defendant Counsel Press intentionally induced Mynes to resign from AppealTech and work for Counsel Press, AppealTech's known competitor.

80. Defendant Counsel Press further intentionally induced Mynes to appropriate Plaintiff's confidential and proprietary business information, and confidential information for its own use.

81. Defendant Counsel Press's intentional interference resulted in Mynes' breach of the Employment Agreement.

82. Plaintiff was harmed by Defendant Counsel Press's conduct.

83. As a result of the foregoing, Defendant Counsel Press is liable for damages in an amount to be determined at trial, but in any event not less than $100,000, plus interest.

13

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018
19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 15 of 19

## AS AND FOR THE FOURTH CAUSE OF ACTION
### (Tortious Interference with Business Relationships Against Mynes and Counsel Press)

84. Plaintiff repeats and realleges paragraphs 1-83 of this Complaint as if fully restated herein.

85. Plaintiff established its goodwill as an appellate services provider through developing client relationships with attorneys and law firms.

86. As a result of Plaintiff's efforts, Plaintiff has been voted as one of the best appellate service providers by the New York Law Journal and Corporate Counsel.

87. The relationships that Plaintiff has established with attorneys and law firms are business relations that foster an expectancy of future contract rights with clients in the legal industry.

88. Defendants interfered with Plaintiff's business relationships by appropriating confidential and proprietary information and acquiring Plaintiff's client lists.

89. Defendants acted to harm Plaintiff and diminish its standing as Counsel Press's competitor.

90. As a result of the foregoing, Defendants are liable for damages in an amount to be determined at trial, but in any event not less than $100,000, plus interest, because of the lost opportunities for profit that have been diverted away from Plaintiff in favor of Counsel Press.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### (Injunctive Relief)

91. Plaintiff repeats and realleges paragraphs 1-90 of this Complaint as if fully restated herein.

92. Pursuant to paragraph 15 of the Employment Agreement, Plaintiff is entitled to an order enjoining or restraining Defendant Mynes from any breach, or attempted or threatened

14

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 16 of 19

breach, of the Employment Agreement, in addition to any other right or remedy it may have. Defendant Mynes expressly agreed and consented to the issuance of such an order.

93. Pursuant to paragraph 15 of the Employment Agreement, Plaintiff agreed that if he breaches, attempts or threatens to breach, any part of Sections 10-13 of the Employment Agreement, AppealTech is entitled to "an order enjoining or restraining [Mynes] from any breach, or attempted or threatened breach [of the Employment Agreement]."

94. As a result of Defendants' conduct referenced herein, Plaintiff will suffer irreparable harm if Mynes' restrictive covenant is not enforced, and if Defendant Counsel Press is not enjoined from further interfering with Plaintiff's business and contracts.

95. Specifically, the relationships that Plaintiff has developed and fostered and the goodwill that Plaintiff has nurtured and maintained through its employment and training of Mynes, who had no knowledge, training or experience in this industry prior to his employment with Plaintiff, will be irreparably harmed, as will Plaintiff's ability to fairly compete as an appellate services provider in its markets.

96. Plaintiff seeks to permanently enjoin Defendants from stealing and/or using its confidential and proprietary information, and customer information.

97. No adequate remedy exists at law.

### AS AND FOR THE FIFTH CAUSE OF ACTION
(Attorneys' Fees and Costs)

98. Plaintiff repeats and realleges paragraphs 1-97 of this Complaint as if fully restated herein.

99. The Employment Agreement expressly provides that the prevailing party in any dispute arising from the agreement shall be reimbursed by the other party for a reasonable attorneys' fees and costs.

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 17 of 19
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

100. Plaintiff is entitled to recover its reasonable attorneys' fees and costs for bringing this action to enforce its rights under the Employment Agreement.

**WHEREFORE**, Plaintiff Z & J LLC d/b/a APPEALTECH demands judgment as follows:

a. Awarding monetary damages against each of the Defendants, such amount to be proven at trial;

b. Awarding Plaintiff pre-judgment and post-judgment interest;

c. Permanently enjoining Defendants' use and acquisition of Plaintiff's proprietary and confidential information, and customer information;

d. Awarding Plaintiff reasonable attorneys' fees and costs; and

e. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 7, 2018

                           MICHELMAN & ROBINSON, LLP

                           By: <u>Christopher A. D'Angelo</u>
                                Christopher A. D'Angelo
                                Kathryn T. Lundy
                                Janeen R. Hall
                         800 Third Avenue, 24th Floor
                         New York, New York 10022
                         (212) 730-7700

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

19-01435-jlg    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 18 of 19

## VERIFICATION

STATE OF NEW YORK     )
                                        ) ss:
COUNTY OF NEW YORK )

MICHAEL KESTAN, being duly sworn, deposes and says:

1. I am the President and owner of Plaintiff Z&J LLC d/b/a AppealTech.

2. I have read and know the contents of the foregoing Verified Complaint, and the same is true to my knowledge, except as to matters stated to be on information and belief, and with respect to those matters, I believe them to be true.

3. My knowledge as to the factual matters in the Verified Complaint is based upon my personal involvement in the underlying facts and my review of the relevant agreement and any relevant correspondence.

SONJIA R. RICHARDS
Notary Public, State of New York
No. 83-4898875
Qualified in Bronx County
Commission Expires June 29, 2018

_____
MICHAEL KESTAN

Subscribed to before me this
7th day of February, 2018

_____
NOTARY PUBLIC

FILED: NEW YORK COUNTY CLERK 02/07/2018 04:57 PM
NYSCEF DOC. NO. 1
INDEX NO. 650620/2018
RECEIVED NYSCEF: 02/07/2018

19-01435-jig    Doc 5-3    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit B -
Summons and Complaint.    Pg 19 of 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x

Z&J LLC d/b/a APPEALTECH,

                                Plaintiff,

      v.

LAURENCE MYNES and COUNSEL PRESS INC.

                                Defendants.

---------------------------------------------------------------- x

**VERIFIED COMPLAINT**

MICHELMAN & ROBINSON, LLP
800 Third Avenue, 24th Floor
New York, New York 10022
(212) 730-7700

Signed and certified pursuant to 22 NYCRR § 130-1.1-a

/s/: Christopher A. D'Angelo
Christopher A. D'Angelo
*Attorneys for Plaintiff*