# Exhibit K

FILED: NEW YORK COUNTY CLERK 09/18/2018 03:42 PM        INDEX NO. 650620/2018
NYSCEF DOC. NO. 44                                         RECEIVED NYSCEF: 09/18/2018

19-01435-jlg   Doc 5-12   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit K -
                     Wallach Answer and Cross Claims.   Pg 2 of 8

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Z & J LLC d/b/a APPEALTECH, <br><br> Plaintiff, <br><br> v. <br><br> LAURENCE MYNES, COUNSEL PRESS INC., GLADSTONE INVESTMENT CORPORATION, GLADSTONE MANAGEMENT CORPORATIONS, GLADSTONE ADMINISTATION, LLC AND JONATHAN WALLACH, <br><br> Defendants. | NYSCEF CASE <br><br> Hon. Doris Ling-Cohan, J.S.C <br><br> No. 650620/2018 <br><br> VERIFIED COUNTERCLAIM ON BEHALF OF JONATHAN WALLACH <br><br> JURY TRIAL DEMANDED |
| LAURENCE MYNES AND JONATHAN WALLACH, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> Z & J LLC d/b/a APPEALTECH AND MICHAEL KESTAN, Jointly and Severally, <br><br> Counterclaim Defendants. | |

Defendant and Counterclaim Plaintiff Jonathan Wallach, by and through his attorneys, Lipsky Lowe LLP, asserts the following counterclaim against Counterclaim Defendants Z & J LLC d/b/a AppealTech and Michael Kestan.

NATURE OF ACTION

1.   This counterclaim arises from Counterclaim Defendants Z & J LLC d/b/a AppealTech and Michael Kestan employment of Counterclaim Plaintiff Jonathan Wallach. Wallach asserts a sexual harassment claim against AppealTech and Kestan under the New York City Human Rights Law.

FILED: NEW YORK COUNTY CLERK 09/18/2018 03:42 PM
NYSCEF DOC. NO. 44
INDEX NO. 650620/2018
RECEIVED NYSCEF: 09/18/2018
19-01435-jlg   Doc 5-12   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit K -
Wallach Answer and Cross Claims.   Pg 3 of 8

2. On April 18, 2018, AppealTech filed the First Amended Complaint against Wallach. (Doc. No. 36).

3. On September 14, 2018, Wallach filed a Motion to Dismiss each claim asserted against him in the First Amended Complaint, preserving his right to file an Answer if any part of that Motion and subsequent appeal, if any, is denied.

## JURISDICTION, VENUE & JURY DEMAND

4. This Court has jurisdiction over this matter because AppealTech is, upon information and belief, licensed to and does do business in the State of New York, and a substantial part of the events or omissions giving rise to the claims occurred in this state.

5. Venue is proper in this County and this Court under C.P.L.R. § 503(c) because AppealTech's headquarters is in this County at 7 W. 36th Street, New York, New York

6. Wallach demands a trial by jury.

## THE PARTIES

7. Wallach was, at all relevant times, an adult individual, residing in New York, New York.

8. AppealTech is a Delaware limited liability company that is authorized to do business in the State of New York.

9. Kestan was, at all relevant times, an adult individual, residing in New York, New York.

## STATEMENT OF FACTS

10. AppealTech is an appellate service provider.

11. Kestan is the sole owner of ApealTeach.

12. Wallach commenced employment with AppealTech in March 2014 as Senior

FILED: NEW YORK COUNTY CLERK 09/18/2018 03:42 PM
NYSCEF DOC. NO. 44
INDEX NO. 650620/2018
RECEIVED NYSCEF: 09/18/2018

19-01435-jlg    Doc 5-12    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit K -
Wallach Answer and Cross Claims.    Pg 4 of 8

Appellate Counsel and reported to Kestan.

13.  Kestan had the authority to discipline Wallach, review his performance, fire him, hire him, and affect his compensation and promotional opportunities.

14.  Wallach is an openly gay man.

15.  Kestan is an openly gay man.

16.  Kestan treated Wallach less well than his peers because of his sexual orientation.

17.  Throughout Wallach's employment, Kestan regularly made unwanted and unsolicited sexual remarks and overtures to Wallach.

18.  Kestan continued to make these sexual remarks and overtures even when Wallach asked him to stop.

19.  Kestan detailed on numerous occasions his sexual exploits for Wallach – over Wallach's requests for him not do so. He, for example, told Wallach that he contracted six cases of venereal disease.

20.  Kestan did not share his sexual exploits with the non-gay male AppealTech employees.

21.  Kestan insisted on Wallach giving him injections in his buttocks in a private room in the AppealTech office. When Wallach stated he would no longer do so, Kestan appeared at Wallach's house and dropped his pants in front of Wallach and Wallach's husband, demanding Wallach inject him.

22.  In 2015, Kestan demanded Wallach's supply of PrEP, which is a pre-exposure prophylaxis for people who are at very high risk for HIV, because he was attending an orgy that weekend. Wallach refused. Kestan, consequently, refused to speak to Wallach for a month.

23.  Kestan did not ask other AppealTech employees for PrEP or to inject him with

FILED: NEW YORK COUNTY CLERK 09/18/2018 03:42 PM
NYSCEF DOC. NO. 44

19-01435-jlg   Doc 5-12   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit K -
Wallach Answer and Cross Claims.   Pg 5 of 8

INDEX NO. 650620/2018
RECEIVED NYSCEF: 09/18/2018

steroids.

24. Kestan did not expose himself to other AppealTech employees.

25. Throughout his employment, Kestan shared at least 50 sex stories with Wallach.

26. In 2015 and 2016, Kestan regularly invited Wallach to orgies, which Wallach always declined and requested not to be invited anymore.

27. In early 2016, Kestan expressed outrage at Wallach for Wallach blocking him on Grindr and Scruff (two gay dating applications).

28. In or about late 2016, after requesting he stop with his sexual overtures, Kestan angrily told Wallach that he did not realize Wallach would be "so boring" when he hired him and stormed out of his office and then refused to further speak with Wallach.

29. During his employment at AppealTech, Wallach did not receive any anti-harassment or anti-discrimination training.

30. AppealTech did not exercise reasonable care to prevent or promptly correct the harassing behavior asserted in this Counterclaim.

31. The continued sexual harassment has caused Wallach to have anxiety, sleepless nights, suffer from stress and headaches, to seek treatment from a mental health provider and to take Xanax.

FIRST CAUSE OF ACTION
SEXUAL HARASSMENT UNDER THE NEW YORK CITY HUMAN RIGHTS LAW AS
AGAINST ALL COUNTERCLAIM DEFENDANTS

32. Wallach repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

33. At all relevant times, Wallach was an "employee" and "person" within the meaning of the NYCHRL and Counterclaim Defendants were "employers."

FILED: NEW YORK COUNTY CLERK 09/18/2018 03:42 PM
NYSCEF DOC. NO. 44

INDEX NO. 650620/2018
RECEIVED NYSCEF: 09/18/2018

19-01435-jlg    Doc 5-12    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit K -
Wallach Answer and Cross Claims.    Pg 6 of 8

34. Wallach was treated less well because of his sexual orientation, violating N.Y.C. Admin. Code § 8-107(1)(a).

35. AppealTech is strictly liable for the actionable hostile environment created by one of its supervisors who had immediate or successively higher authority over Wallach.

36. As a result of Counterclaim Defendants' harassment of him, Wallach has suffered and continues to suffer, *inter alia*, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

37. Counterclaim Defendants harassed Wallach with malice and/or reckless indifference to his rights under the NYCHRL.

38. As a result of Counterclaim Defendants' unlawful conduct, Wallach can recover punitive damages against AppealTech. N.Y.C. Admin. Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Wallach respectfully requests that this Court grant the following relief:

1. Accepts jurisdiction over this matter.

2. Impanels and charges a jury with respect to the causes of action.

3. Awards Wallach the following damages against Counterclaim Defendants:

    a. Damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life, physical injury and emotional distress, and medical expenses in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination, harassment and retaliation are repulsive to legislative enactments in the amount of at least $200,000.00;

    b. An award of punitive damages under the NYCHRL in the amount of at least $400,000;

    c.    Attorneys' fees, costs and expenses to the fullest extent permitted by law;

and

    d.    Any other relief that this Court deems just and equitable.

Dated: New York, New York
       September 18, 2018

                LIPSKY LOWE LLP

                s/ Douglas B. Lipsky
                Douglas B. Lipsky
                630 Third Avenue, Fifth Floor
                New York, New York 10017-6705
                212.392.4772
                doug@lipskylowe.com
                *Attorneys for Counterclaim Plaintiff Wallach*

FILED: NEW YORK COUNTY CLERK 09/18/2018 03:42 PM
NYSCEF DOC. NO. 44

19-01435-jlg    Doc 5-12    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit K -
                            Wallach Answer and Cross Claims.    Pg 8 of 8

INDEX NO. 650620/2018
RECEIVED NYSCEF: 09/18/2018

## VERIFICATION

CHUR                        )
                            ) ss:
SWITZERLAND                 )

JONATHAN WALLACH, being duly sworn and says:

    1.    I have read and know the contents of this Counterclaim is true to my knowledge, except as to matters stated to be on information and belief and, with respect to those matters, I believe them to be true.

    2.    My knowledge as to the factual matters in the Counterclaim is based upon my personal involvement in the underlying facts.

_____
Jonathan Wallach