# Exhibit S

                                                        At Part _____ of the Supreme Court of the State of New York, held in and for the County of New York at the Courthouse, 60 Centre Street, New York, New York on the ___ day of October 2018

Present: _____,
        Justice of the Supreme Court.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Z & J LLC d/b/a APPEAL TECH,

                         Plaintiff,

        -against-

LAURENCE MYNES, COUNSEL PRESS, INC.,
GLADSTONE INVESTMENT CORPORATION,
GLADSTONE MANAGEMENT CORPORATIONS,
GLADSTONE ADMINISTRATION, LLC and
JONATHAN WALLACH,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 650620/2018

**ORDER TO SHOW CAUSE FOR LEAVE TO WITHDRAW AS ATTORNEYS FOR PLAINITFF WITH TEMPORARY RESTRAINING ORDER FOR A STAY**

Upon the reading and filing of the Affirmation of Kathryn T. Lundy dated October 18, 2018, the Emergency Affirmation of Kathryn T. Lundy dated October 18, 2018, the exhibit annexed thereto, and upon all the papers and proceedings heretofore had herein,

Let Plaintiff Z&J LLC d/b/a AppealTech ("AppealTech"), and any other interested party and/or their counsel show cause before this Court at IAS Part __, 60 Centre Street, New York, NY 10007, on the ___ day of _____, 2018 at 9:30 a.m. of that day, or as soon thereafter as counsel can be heard, why an Order should not be issued, pursuant to § 321(b)(2) of the Civil Practice Law and Rules:

1275792.1

(a) granting Michelman & Robinson, LLP ("M&R") leave to withdraw as attorneys of record for AppealTech in the above-captioned action;

(b) staying all proceedings and deadlines herein for a period of not less than sixty (60) days in order to provide AppealTech with time to retain new counsel;

(c) granting M&R such other, further and different relief as this Court may deem just and proper;

**SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY,**

**ORDERED**, that pending the hearing and determination of this motion: (a) all proceedings and deadlines in the above-captioned action, including Motion Sequence Nos. 004 and 005, and all compliance deadlines for the taking of any action herein be, and the same hereby are stayed and tolled;

**ORDERED**, that service of this Order to Show Cause, together with all the papers upon which it is based, on or before the ___ day of _____, 2018, by serving copies thereof by Federal Express delivery to Michael Kestan, President of ApealTech, at AppealTech, 7 West 36th Street, 12th Floor, New York, NY 10018 and all other parties by electronic filing herein shall be deemed good and sufficient service;

**ORDERED**, that service of papers in opposition to this motion, if any, shall be made by e-filing through NYSCEF on or before_____, 2018; and it is further

**ORDERED**, that service of M&R's reply papers, if any, shall be made by e-filing through NYSCEF on or before _____, 2018.

**ENTER,**

_____
J.S.C

2

1275792.1

FILED: NEW YORK COUNTY CLERK 10/18/2018 12:37 PM
NYSCEF DOC. NO. 63

19-01435-jlg    Doc 5-20    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit S -
                           OSC and Aff. to withdraw.    Pg 4 of 8

INDEX NO. 650620/2018
RECEIVED NYSCEF: 10/18/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Z & J LLC d/b/a APPEAL TECH,

                        Plaintiff,

-against-

LAURENCE MYNES, COUNSEL PRESS, INC.,
GLADSTONE INVESTMENT CORPORATION,
GLADSTONE MANAGEMENT CORPORATIONS,
GLADSTONE ADMINISTRATION, LLC and
JONATHAN WALLACH,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 650620/2018

**AFFIRMATION IN SUPPORT**

      **KATHRYN T. LUNDY**, an attorney admitted to the practice of law in the State of New York, affirms the following to be true under the penalties of perjury pursuant to CPLR § 2106:

      1.    I am counsel to the law firm of Michelman & Robinson, LLP, withdrawing attorneys for Plaintiff Z&J LLC d/b/a AppealTech ("AppealTech"). I am fully familiar with the facts and circumstances set forth below.

      2.    This affirmation is respectfully submitted in support of M&R's motion for an Order:

          (a)    granting Michelman & Robinson, LLP ("M&R") leave to withdraw as attorneys of record for Appeal Tech in the above-captioned action;

          (b)    staying all proceedings and deadlines herein for a period of not less than sixty (60) days in order to provide AppealTech with time to retain new counsel; and

FILED: NEW YORK COUNTY CLERK 10/18/2018 12:37 PM
NYSCEF DOC. NO. 63
INDEX NO. 650620/2018
RECEIVED NYSCEF: 10/18/2018

19-01435-jlg   Doc 5-20   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit S -
OSC and Aff. to withdraw.   Pg 5 of 8

(c) granting M&R such other, further and different relief as this Court may deem just and proper.

3. As shown herein, M&R's motion should be granted in all respects predicated upon AppealTech's failure to honor its obligations to M&R and due to the breakdown in the attorney-client relationship.

4. Consequently, M&R can no longer effectively represent AppealTech in the above-captioned action and respectfully requests the Court grant M&R leave to withdraw as its counsel.

5. AppealTech retained M&R to provide legal services in connection with the instant matter. In turn, M&R has vigorously and zealously represented AppealTech throughout this litigation.

6. Since August 12, 2018, AppealTech has failed to fully cooperate in the defense and prosecution of this matter and have ceased meaningful communication with M&R – ignoring e-mails and requests for information.

7. AppealTech has also failed to provide payment for legal services rendered, with an account past due and owing to M&R.

8. Prior to filing the instant motion, M&R notified Michael Kestan, President of AppealTech, it would withdraw as counsel unless AppealTech immediately met its obligations, including providing requested information and payment to M&R. AppealTech has failed to do so.

9. Pursuant to CPLR § 321(b)(a), "an attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion…"

10. The Court has consistently held that an attorney may withdraw from his or her representation of a client if the client's conduct "renders it unreasonably difficult for the lawyer to carry out employment effectively." See Dillon v. Otis Elevator Co., 22 A.D.3d 1, 5 (1st Dept.

4839-9962-8624, v. 1

FILED: NEW YORK COUNTY CLERK 10/18/2018 12:37 PM
NYSCEF DOC. NO. 63
INDEX NO. 650620/2018
RECEIVED NYSCEF: 10/18/2018

19-01435-jlg    Doc 5-20    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit S -
OSC and Aff. to withdraw.    Pg 6 of 8

2005), *citing* 22 NYCRR 1200.15[c][1][iv]; *Sarlo-Pinzur v. Pinzur*, 59 A.D.3d 607 (2d Dept. 2009); *McCormack v. Kamalian*, 10 A.D.3d 679 (2d Dept. 2004).

11. Pursuant to Rule 1.16(c) of the New York Rules of Professional Conduct "a lawyer may withdraw from representing a client when: (1) withdrawal can be accomplished without material adverse effect on the interest of the client…"

12. Furthermore, Rule 1.1(c)(5) of the New York Rules of Professional Conduct provides that an attorney may withdraw when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." With respect to unpaid fees, it is well-settled that when a client repudiates a fee arrangement, there is no obligation on the part of the attorney to finance the litigation or to render complimentary legal services. *See e.g., Holmes v. Y.J.A. Realty Corp.*, 128 A.D.2d 482, 483 (1st Dept. 1987); *Cullen v. Olins Leasing, Inc.*, 91 A.D.2d 537 (1st Dept. 1987); *Dordal v. Laces Roller Corp.*, 143 A.D.2d 727 (2d Dept. 1988). Indeed, "an attorney may be permitted to withdraw from employment where client refuses to pay reasonable legal fees." *Weiss v. Spitzer*, 46 A.D.3d 675 (2d Dept. 2007); *see also, Winters v. Winters*, 25 A.D.3d 601, 602 (2d Dept. 2006); *Kay v. Kay*, 245 A.D.2d 549, 550 (2d Dept. 1997).

13. As detailed above, AppealTech has failed to honor its obligations to M&R.

14. Accordingly, M&R requests permission to be relieved as attorneys for AppealTech herein.

15. M&R's withdrawal can be accomplished without material adverse effect on the interest of AppealTech as the matter remains in the initial stages of litigation.

16. By this application, M&R also seeks a temporary restraining order staying the proceedings and deadlines herein until the instant action is heard and determined, along with a stay

FILED: NEW YORK COUNTY CLERK 10/18/2018 12:37 PM
NYSCEF DOC. NO. 63

INDEX NO. 650620/2018
RECEIVED NYSCEF: 10/18/2018

19-01435-jlg    Doc 5-20    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit S -
OSC and Aff. to withdraw.    Pg 7 of 8

for up to sixty (60) days thereafter to afford AppealTech an opportunity to retain new counsel. As such, AppealTech will not be prejudiced by M&R's withdrawal of representation.

17.     Accordingly, M&R's application should be granted in its entirety.

18.     No prior request for the relief requested herein has previously been made.


New York, New York
Dated: October 18, 2018

/s/: Kathryn T. Lundy
Kathryn T. Lundy

4839-9962-8624, v. 1

FILED: NEW YORK COUNTY CLERK 10/18/2018 12:37 PM
NYSCEF DOC. NO. 63
19-01435-jlg    Doc 5-20    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit S -
OSC and Aff. to withdraw.    Pg 8 of 8
INDEX NO. 650620/2018
RECEIVED NYSCEF: 10/18/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------- X
Z & J LLC d/b/a APPEAL TECH,

                Plaintiff,

        Index No. 650620/2018

   -against-

LAURENCE MYNES, COUNSEL PRESS, INC.,
GLADSTONE INVESTMENT CORPORATION,
GLADSTONE MANAGEMENT CORPORATIONS,
GLADSTONE ADMINISTRATION, LLC and
JONATHAN WALLACH,

              Defendants.
------------------------------------- X

## ORDER TO SHOW CAUSE, AFFIRMATION IN SUPPORT AND EMERGENCY AFFIRMATION

MICHELMAN & ROBINSON, LLP
800 Third Avenue, 24th Floor
New York, New York 10022
(212) 730-7700

Signed and certified pursuant to 22 NYCRR § 130-1.1-a

/s/: Kathryn T. Lundy
Kathryn T. Lundy
*Withdrawing Attorneys for Plaintiff*

4839-9962-8624, v. 1