# Exhibit CC

FILED: NEW YORK COUNTY CLERK 01/22/2019 08:02 PM INDEX NO. 650620/2018
NYSCEF DOC. NO. 86                                                                                         RECEIVED NYSCEF: 01/22/2019

19-01435-jlg    Doc 5-30    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit CC -
                    Reply to Counterclaim of Laurence Mynes.    Pg 2 of 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
Z & J LLC d/b/a APPEALTECH,                              :     Index No.: 650620/2018
                                                         :
                            Plaintiff,                   :
                                                         :
            -against-                                    :
                                                         :
LAURENCE MYNES and COUNSEL PRESS, INC.,                  :
GLADSTONE INVESTMENT CORPORATION,                        :
GLADSTONE MANAGEMENT CORPORATION,                        :
GLADSTONE ADMINISTRATION, LLC and                        :
JONATHAN WALLACH                                         :
                                                         :
                            Defendants.                  :
                                                         :
------------------------------------------------------------------------x

### REPLY TO COUNTERCLAIM OF DEFENDANT LAURENCE MYNES

Plaintiff/Counterclaim Defendant Z & J LLC d/b/a AppealTech ("AppealTech") and Counterclaim Defendant Michael Kestan ("Kestan", collectively with AppealTech, the "Counterclaim Defendants"), by and through their attorneys, reply to the Counterclaim of Defendant/Counterclaim Plaintiff Laurence Mynes ("Mynes") as follows:

1.  Counterclaim Defendants deny the allegations contained in Paragraph 1 of the Counterclaim.

2.  Counterclaim Defendants admit the allegations contained in Paragraph 2 of the Counterclaim.

3.  Counterclaim Defendants admit the allegations contained in Paragraph 3 of the Counterclaim.

4.  Counterclaim Defendants deny the allegations contained in Paragraph 4 of the Counterclaim, but admit that Mynes filed a motion to dismiss the Amended Complaint filed in this action.

FILED: NEW YORK COUNTY CLERK 01/22/2019 08:02 PM
NYSCEF DOC. NO. 86
INDEX NO. 650620/2018
RECEIVED NYSCEF: 01/22/2019

19-01435-jlg    Doc 5-30    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit CC -
Reply to Counterclaim of Laurence Mynes.    Pg 3 of 10

5. Paragraph 5 of the Counterclaim states legal conclusions to which no response is required.

6. Paragraph 6 of the Counterclaim states legal conclusions to which no response is required.

7. Paragraph 7 of the Counterclaim states legal conclusions to which no response is required.

8. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaim.

9. Counterclaim Defendants admit the allegations contained in Paragraph 9 of the Counterclaim.

10. Counterclaim Defendants admit the allegations contained in Paragraph 10 of the Counterclaim.

11. Counterclaim Defendants admit the allegations contained in Paragraph 11 of the Counterclaim.

12. Counterclaim Defendants admit the allegations contained in Paragraph 12 of the Counterclaim.

13. Counterclaim Defendants deny the allegations contained in Paragraph 13 of the Counterclaim, but admit that Mynes commenced employment with AppealTech in 2006.

14. Counterclaim Defendants deny the allegations contained in Paragraph 14 of the Counterclaim, but admit the existence of an Employment Agreement dated November 16, 2016 between AppealTech and Mynes (the "Employment Agreement"), the terms of which speak for itself.

15. Counterclaim Defendants admit the allegations contained in Paragraph 15 of the Counterclaim.

16. Counterclaim Defendants deny the allegations contained in Paragraph 16 of the Counterclaim, but admit the existence of an Employment Agreement, the terms of which speak for itself.

17. Counterclaim Defendants deny the allegations contained in Paragraph 17 of the Counterclaim, but admit the existence of the Employment Agreement, the terms of which speak for itself.

18. Counterclaim Defendants deny the allegations contained in Paragraph 18 of the Counterclaim.

19. Counterclaim Defendants deny the allegations contained in Paragraph 19 of the Counterclaim.

20. Counterclaim Defendants deny the allegations contained in Paragraph 20 of the Counterclaim.

21. Counterclaim Defendants admit the allegations contained in Paragraph 21 of the Counterclaim.

22. Counterclaim Defendants deny the allegations contained in Paragraph 22 of the Counterclaim.

23. Counterclaim Defendants deny the allegations contained in Paragraph 23 of the Counterclaim.

24. Counterclaim Defendants deny the allegations contained in Paragraph 24 of the Counterclaim, but admit the existence of the Employment Agreement, the terms of which speak for itself.

FILED: NEW YORK COUNTY CLERK 01/22/2019 08:02 PM
NYSCEF DOC. NO. 86

INDEX NO. 650620/2018
RECEIVED NYSCEF: 01/22/2019

19-01435-jlg    Doc 5-30    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit CC -
Reply to Counterclaim of Laurence Mynes.    Pg 5 of 10

25. Counterclaim Defendants deny the allegations contained in Paragraph 25 of the Counterclaim, but admit that prior to entering into the Employment Agreement, Mynes did not receive a commission statement every month as there was no agreement to send him such statement.

26. Counterclaim Defendants deny the allegations contained in Paragraph 26 of the Counterclaim.

27. Counterclaim Defendants deny the allegations contained in Paragraph 27 of the Counterclaim.

28. Counterclaim Defendants deny the allegations contained in Paragraph 28 of the Counterclaim.

29. Counterclaim Defendants deny the allegations contained in Paragraph 29 of the Counterclaim.

30. Counterclaim Defendants deny the allegations contained in Paragraph 30 of the Counterclaim, but admit the existence of the Employment Agreement, the terms of which speak for itself.

31. Counterclaim Defendants deny the allegations contained in Paragraph 31 of the Counterclaim.

32. Counterclaim Defendants deny the allegations contained in Paragraph 32 of the Counterclaim, but admit the existence of the Employment Agreement, the terms of which speak for itself.

33. Counterclaim Defendants deny the allegations contained in Paragraph 33 of the Counterclaim.

FILED: NEW YORK COUNTY CLERK 01/22/2019 08:02 PM
NYSCEF DOC. NO. 86
INDEX NO. 650620/2018
RECEIVED NYSCEF: 01/22/2019

19-01435-jlg    Doc 5-30    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit CC -
Reply to Counterclaim of Laurence Mynes.    Pg 6 of 10

34. Counterclaim Defendants deny the allegations contained in Paragraph 34 of the Counterclaim.

35. Counterclaim Defendants deny the allegations contained in Paragraph 35 of the Counterclaim.

36. Counterclaim Defendants deny the allegations contained in Paragraph 36 of the Counterclaim, but admit that AppealTech did not make a 401(k) contribution to Mynes on January 26, 2018.

37. Counterclaim Defendants deny the allegations contained in Paragraph 37 of the Counterclaim, but admit the existence of the Employment Agreement, the terms of which speak for itself.

38. Counterclaim Defendants deny the allegations contained in Paragraph 38 of the Counterclaim.

39. Counterclaim Defendants deny the allegations contained in Paragraph 39 of the Counterclaim, but admit the existence of the Employment Agreement, the terms of which speak for itself.

40. In response to Paragraph 40 of the Counterclaim, Counterclaim Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 39 of the Counterclaim as if set forth fully herein.

41. Paragraph 41 of the Counterclaim states legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendants deny the allegations contained in Paragraph 41 of the Counterclaim, but admit that the Employment Agreement constitutes a valid contract.

FILED: NEW YORK COUNTY CLERK 01/22/2019 08:02 PM		INDEX NO. 650620/2018
NYSCEF DOC. NO. 86		RECEIVED NYSCEF: 01/22/2019

19-01435-jlg    Doc 5-30    Filed 12/23/19    Entered 12/23/19 16:01:58    Exhibit CC -
Reply to Counterclaim of Laurence Mynes.    Pg 7 of 10

42. Counterclaim Defendants deny the allegations contained in Paragraph 42 of the Counterclaim.

43. Counterclaim Defendants deny the allegations contained in Paragraph 43 of the Counterclaim.

44. Counterclaim Defendants deny the allegations contained in Paragraph 44 of the Counterclaim.

45. Counterclaim Defendants deny the allegations contained in Paragraph 45 of the Counterclaim.

46. Counterclaim Defendants deny the allegations contained in Paragraph 46 of the Counterclaim.

47. In response to Paragraph 47 of the Counterclaim, Counterclaim Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 46 of the Counterclaim as if set forth fully herein.

48. Paragraph 48 of the Counterclaim states legal conclusions to which no response is required.

49. Paragraph 49 of the Counterclaim states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Counterclaim Defendants deny the allegations contained in Paragraph 49 of the Counterclaim, but admit that Mynes' duties were to sell appellate services on AppealTech's behalf.

50. Paragraph 50 of the Counterclaim states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Counterclaim Defendants deny the allegations contained in Paragraph 50 of the Counterclaim.

51. Paragraph 51 of the Counterclaim states legal conclusions to which no response is required.

52. Paragraph 52 of the Counterclaim states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Counterclaim Defendants deny the allegations contained in Paragraph 52 of the Counterclaim.

53. Paragraph 53 of the Counterclaim states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Counterclaim Defendants deny the allegations contained in Paragraph 53 of the Counterclaim.

54. In response to Paragraph 54 of the Counterclaim, Counterclaim Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 53 of the Counterclaim as if set forth fully herein.

55. Paragraph 55 of the Counterclaim states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Counterclaim Defendants deny the allegations contained in Paragraph 55 of the Counterclaim.

56. Paragraph 56 of the Counterclaim states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Counterclaim Defendants deny the allegations contained in Paragraph 56 of the Counterclaim.

57. Counterclaim Defendants deny the allegations contained in Paragraph 57 of the Counterclaim.

58. Paragraph 58 of the Counterclaim states legal conclusions to which no response is required. To the extent that a response is deemed to be required, Counterclaim Defendants deny the allegations contained in Paragraph 58 of the Counterclaim.

59. All allegations not expressly admitted are hereby denied.

FILED: NEW YORK COUNTY CLERK 01/22/2019 08:02 PM
NYSCEF DOC. NO. 86

INDEX NO. 650620/2018
RECEIVED NYSCEF: 01/22/2019

19-01435-jlg   Doc 5-30   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit CC - Reply to Counterclaim of Laurence Mynes.   Pg 9 of 10

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Mynes' claims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Mynes' claims are barred by the doctrine of unclean hands and Mynes' wrongful and culpable conduct.

### Third Affirmative Defense

Mynes' claims are barred by the doctrines of waiver and estoppel.

### Fourth Affirmative Defense

Mynes' claims are barred by Mynes' failure to mitigate his damages.

### Fifth Affirmative Defense

Section 14 of the Employment Agreement provides that "[t]he prevailing party in any dispute arising out of this Agreement shall be reimbursed by the other party for all reasonable attorneys' fees and costs."  Accordingly, upon the dismissal of this Counterclaim, Counterclaim Defendants shall be entitled to their reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, having replied to the Counterclaim, Counterclaim Defendants respectfully request, as follows:

A.   That the Counterclaim be dismissed with prejudice and that Mynes take nothing thereby;

B.   That the Court grant all of the relief sought by AppealTech in the Amended Complaint in this action; and

8

FILED: NEW YORK COUNTY CLERK 01/22/2019 08:02 PM
NYSCEF DOC. NO. 86

INDEX NO. 650620/2018
RECEIVED NYSCEF: 01/22/2019

19-01435-jlg   Doc 5-30   Filed 12/23/19   Entered 12/23/19 16:01:58   Exhibit CC -
Reply to Counterclaim of Laurence Mynes.   Pg 10 of 10

      C.      That the Court grant the Counterclaim Defendants such other and further relief as the Court may deem just and proper.

Dated: January 22, 2019

**MOREA SCHWARTZ BRADHAM
FRIEDMAN & BROWN LLP**

By: /s/ John M. Bradham
      John M. Bradham
      Peter B. Katzman
444 Madison Avenue, 4th Floor
New York, New York 10022
Tel: (212) 695-8050
Email: jbradham@msbllp.com

*Attorneys for Plaintiff Z & J LLC d/b/a AppealTech*